JJS:jmc                                                        #397

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| G.M. SIGN, INC., an Illinois corporation, individually, and as the representative of a class of similarly-situated persons, | ) ) ) ) | FILED: AUGUST 28, 2008<br>    08CV4919<br>JUDGE MANNING<br>MAGISTRATE JUDGE KEYS<br>NF |
| Plaintiff, | ) ) | |
| v. | ) ) | No._____ |
| METAL RESOURCES, INC. | ) ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 *et. seq.*, defendant, Metal Resources, Inc. ("Metal Resources"),

hereby removes this action from the Circuit Court of the Nineteenth Judicial Circuit, Lake County,

Illinois to the United States District Court for the Northern District of Illinois.  Under the Seventh

Circuit's decision in *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 450-51 (7th Cir. 2005),

removal is proper because this Court has federal question jurisdiction pursuant to 28 U.S.C. §§

1441(b) and 1331 over plaintiff's claim brought pursuant to the Telephone Consumer Protection Act

("TCPA"), 47 U.S.C. § 227.

In further support of removal, Metal Resources states as follows:

### I.    THE STATE COURT ACTION.

1.    On or about June 24, 2008, plaintiff, on behalf of itself, and purportedly on behalf of

a class similarly situated, filed a Class Action Complaint with the Clerk of the Circuit Court of the

Nineteenth Judicial Circuit, Lake County, Illinois (the "State Court Action").  The State Court

Action was assigned Cause No. 08 CH 2401.

2.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all substantive records and proceedings from the state court are attached hereto as Exhibit 1.

3.      Plaintiff's Complaint consists of three counts. In Count I, it alleges violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. Count II purports to state a claim for conversion. In Count III, plaintiff alleges violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2. (*See, Cmplt. attached hereto as part of Ex. 1*).

## II.    FEDERAL QUESTION JURISDICTION EXISTS.

4.      This case arises from Metal Resources alleged sending or the causing of sending unsolicited faxes. Plaintiff alleges in its Complaint that Metal Resources' conduct violated the TCPA, 47 U.S.C. § 227. (*Ex. 1, Cmplt., ¶¶ 15-28*).

5.      This Court possesses original jurisdiction in all cases arising under the laws of the United States. 28 U.S.C. § 1331. As the Seventh Circuit held in *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005), plaintiff's Complaint arises under the laws of the United States because the TCPA is a law of the United States and plaintiff seeks recovery under that law.

6.      The Seventh Circuit's decision in *Brill* is binding upon this Court.

7.      Under *Brill*, this Court has jurisdiction over plaintiff's putative class action lawsuit because it arises under the laws of the United States.

## III.   THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS.

8.      This Court has supplemental jurisdiction over plaintiff's claims alleging common law conversion and violation of the ICFA because they are so related to the TCPA claim that they form

2

part of the same cause or controversy. 28 U.S.C. § 1367. Supplemental jurisdiction, therefore, should not be refused under 28 U.S.C. § 1441(c). Plaintiff's claims do not raise unusually novel or complex issues of state law, and plaintiff's state law claims do not substantially predominate over its federal claim.

## IV. REMOVAL IS TIMELY.

9. Metal Resources was served with Summons and a copy of the Complaint in this matter on August 13, 2008.

10. There can be no dispute that removal is timely since this notice is filed within 30 days of the date the Complaint was served. 28 U.S.C. § 1446(b).

## V. PROPER SERVICE OF THIS NOTICE AND REQUEST FOR ADDITIONAL ARGUMENTS, IF NECESSARY.

11. Metal Resources is the only named defendant in this case. Therefore, there is no issue regarding other defendants' consent to removal

12. Pursuant to 28 U.S.C. § 1446(d), Metal Resources shall file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, and serve the plaintiff with this Notice of Removal promptly after filing this Notice. A copy of the Notice of Filing to be filed in the state court is attached hereto as Exhibit 2.

13. In the event that plaintiff files a motion to remand the case or the Court considers remand *sua sponte*, Metal Resources respectfully requests the opportunity to submit additional arguments or evidence in support of removal as may be appropriate or may be requested by the Court.

WHEREFORE, Defendant, Metal Resources, Inc., hereby removes this case to the United

States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

METAL RESOURCES, INC.


By:_____ /s/ James J. Sipchen_____
            One of its attorneys


James J. Sipchen
Matthew F. Tibble
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, IL 60606
(312) 346-1973
jsipchen@pretzel-stouffer.com
mtibble@pretzel-stouffer.com

4

## CERTIFICATE OF SERVICE

The undersigned certifies that Defendant, Metal Resources, Inc.'s Notice of Removal, Civil Cover Sheet and Appearance of James J. Sipchen, was filed electronically this 28th day of August, 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and by U.S. Mail (only where indicated below). Parties may access this filing through the Court's electronic system.

Brian J. Wanca
Anderson + Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
bwanca@andersonwanca.com

Phillip A. Bock
Bock & Hatch, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602

s/ James J. Sipchen
James J. Sipchen  (IL Bar No. 6226113)
Matthew F. Tibble (IL Bar No. 6282175)
Pretzel & Stouffer, Chartered
One South Wacker Drive - Suite 2500
Chicago, Illinois 60606
Telephone:      (312) 578-7422
Fax:            (312) 346-8242
E-Mail: jsipchen@pretzel-stouffer.com
*Attorneys for Defendant,*
*Metal Resources, Inc.*

5

# EXHIBIT 1

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

G. M. SIGN, INC.      )
                      )
       vs.            )
                       )
METAL RESOURCES INC.      )
                       )

General No.    0 8 CH 2 4 0 1

**F I L E D**

JUN 2 4 2008

CIRCUIT CLERK

## CERTIFICATE OF ATTORNEY – CIVIL DIVISION

Pursuant to Local Rule 3.01(c), I hereby certify that:

[☑] There has been no previous Voluntary or Involuntary Dismissal of the subject matter of this litigation.

[ ] There has been a previous Voluntary or Involuntary Dismissal of the subject matter of this litigation and at the time of dismissal that Case No. _____ was assigned to the
Honorable _____

[☑] There is no other litigation presently pending in the county involving these parties.

[ ] There is other litigation presently pending in the county involving the parties to or subject matter to this lawsuit and that case(s) is/are assigned Case No.(s) _____ which is/are assigned to the
Honorable _____

Please check the box stating the appropriate sub-type action. This data is being gathered for administrative purposes and will not be used for any other purpose.

**Arbitration – AR**
[ ] Arbitration/Tort
[ ] Arbitration/Contract

**Chancery – CH**
[ ] Mortgage Foreclosure
[ ] Injunction
[ ] Specific Performance
[ ] Mechanics Lien Foreclosure
[ ] Complaint for Recision
[ ] Partition
[ ] Quiet Title
[☒] Class Action
[ ] Registration of Foreign Judgment
[ ] Other

**Eminent Domain – ED**
[ ] Eminent Domain
[ ] Condemnation

**Law Magistrate – LM**
[ ] Tort
[ ] Contract
[ ] Forcible Entry and Detainer
[ ] Replevin
[ ] Detinue
[ ] Distress for Rent
[☒] Class Action
[ ] Enroll Judgment
[ ] Confirm Arbitrator's Award
[ ] Confession of Judgment
[ ] Registration of Foreign Judgment
[ ] Other

**Law – L**
[ ] Tort
[ ] Contract
[ ] Product Liability
[ ] Medical Malpractice
[ ] Legal Malpractice
[ ] Class Action
[ ] Replevin
[ ] Accounting Malpractice
[ ] Enroll Judgment
[ ] Confirm Arbitrator's Award
[ ] Registration of Foreign Judgment
[ ] Other

**Municipal Corporation – MC**
[ ] Annexation
[ ] Disconnection

**Miscellaneous Remedy – MR**
[ ] Declaratory Judgment
[ ] Corporation Dissolution
[ ] Election Contest
[ ] Mandamus
[ ] Habeas Corpus
[ ] Review of Administrative Proceeding/Statutory
[ ] Review of Administrative Proceeding/Certiorari
[ ] Quo Warranto
[ ] Change of Name
[ ] Forfeiture
[ ] Fugitive from Justice
[ ] Search Warrant
[ ] Application for Eavesdropping Device
[ ] Class Action
[ ] Registration of Foreign Judgment
[ ] Request for Subpoena/Foreign Jurisdiction
[ ] Other

**Probate – P**
[ ] Decedent/Testate > $15,000
[ ] Decedent/Intestate > $15,000
[ ] Decedent/Testate $15,000 or less
[ ] Decedent/Intestate $15,000 or less
[ ] Guardianship of Person/Disabled Person
[ ] Guardianship of Estate/Disabled Person
[ ] Guardianship of Person/Minor
[ ] Guardianship of Estate/Minor
[ ] Guardianship of Person and Estate/Minor
[ ] Proof of Heirship Alone
[ ] Registration of Foreign Judgment
[ ] Other

**Tax – TX**
[ ] Deeds
[ ] Objections
[ ] Disposition of Collections of Judgment of Settlement
[ ] Class Action
[ ] Other

Print Name  **Brian J. Wanca** _____

Signature      _Brian J Wanca_ _____

[☑] Attorney      [ ] Pro-se

**EXHIBIT**

1

## SUMMONS

### IN THE NAME OF THE PEOPLE IN THE STATE OF ILLINOIS, IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

G. M. SIGN, INC., an Illinois corporation,
individually, and as the representative of a
class of similarly-situated persons,

)
)
)
)
)
)
)

No. 0 8 CH 2 4 0 1

Plaintiffs)

vs.

METAL RESOURCES INC.

)
)
)
)
)
)
)
)
)

Defendants)

SERVE:  Paul Salver, Reg. Agent
2721 Executive Park Drive
Suite 3
Weston, FL    33331

To each of the above-named defendants:

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in this complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

WITNESS SALLY D. COFFELT. Clerk of said Circuit Court, and the seal thereof at Waukegan, Illinois, this _____ day of JUN 2 4 2008 A.D., 20 ____

SALLY D. COFFELT CLERK

Plaintiff's Attorney:
(or plaintiff, if he be not represented by attorney) Anderson + Wanca
3701 Algonquin Rd.  Suite 760
Address Rolling Meadows, IL  60008
Telephone 847/368-1500

Date of Service: _____, 20 ____
(To be inserted by officer on copy left with defendant or other person.)

171-138 Rev 8/00


EXHIBIT

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

G. M. SIGN, INC., an Illinois corporation,
individually and as the representative of a class of
similarly-situated persons,

                    Plaintiff,

        v.

METAL RESOURCES INC.,

                    Defendant.

FILED

JUN 2 4 2008

CIRCUIT CLERK

08 CH 2401

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, G. M. SIGN, INC., by its attorneys, Anderson + Wanca and Bock & Hatch,

LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for class

action treatment the following classes, as described in Plaintiff's Class Action Complaint:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

> All persons who (1) on or after five years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, G. M. SIGN, INC., prays that this court enter an order pursuant

to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

G. M. SIGN, INC., individually, and as the
representative for a class of similarly-situated
persons

By:   _One of the Attorneys for Plaintiff_

One of the Attorneys for Plaintiff

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
#3126474

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle St., #1000
Chicago, IL 60602
Telephone: 312/658-5500

2

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

G. M. SIGN, INC., an Illinois corporation,     )
individually and as the representative of a class of     )
similarly-situated persons,     )
    )
                Plaintiff,     )
    )       **08 CH 2401**
      v.     )
    )
METAL RESOURCES INC.,     )
    )
                Defendant.     )       **FILED**

## CLASS ACTION COMPLAINT

**JUN 2 4 2008**

Plaintiff, G. M. SIGN, INC. ("Plaintiff"), brings this action on behalf of itself and all

other persons similarly situated, through its attorneys, and except as to those allegations *CIRCUIT CLERK*

pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge,

alleges the following upon information and belief against Defendant, METAL RESOURCES

INC. ("Defendant"):

### PRELIMINARY STATEMENT

1.     This case challenges Defendant's practice of faxing unsolicited advertisements.

2.     The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a

person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a

private right of action and provides statutory damages of $500 per violation.

3.     Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its

fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that

would have been spent on something else. A junk fax interrupts the recipient's privacy.

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for

authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.   On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.   Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.   Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

7.   Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Lake County, Illinois.

8.   Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees.  Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.   Plaintiff is an Illinois corporation with its principal place of business in Round Lake, Lake County, Illinois.

10.   On information and belief, Defendant, METAL RESOURCES INC. is a Florida corporation with its principal place of business in Ft. Lauderdale, Florida.

## FACTS

11.   On or about May 12, 2005 Defendant faxed an advertisement to Plaintiff.  A copy of the facsimile is attached hereto as Exhibit A.

2

12.    Plaintiff had not invited or given permission to Defendant to send fax advertisements.

13.    On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

14.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

17.    A class action is warranted because:

(a)    On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)    Whether Defendant sent unsolicited fax advertisements;

3

(ii)    Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

(iii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)    Whether Defendant violated the provisions of 47 USC § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)    Whether Defendant should be enjoined from faxing advertisements in the future; and

(viii)    Whether the Court should award trebled damages.

18.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

4

21.  The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.  The TCPA provides:

> 3.  Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A)  An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B)  An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C)  Both such actions.

23.  The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

24.  Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25.  The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

26.  Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services and that Plaintiff and the other class members did not have an established business relationship with Defendant.

5

27.    Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28.    Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, G. M. SIGN, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, METAL RESOURCES INC., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award $500.00 in damages for each violation of the TCPA;

C.    That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

D.    That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

6

## COUNT II
## CONVERSION

29.  Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.  In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

31.  A class action is proper in that:

(a)  On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)  There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)  Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)  The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii)  Whether Defendant committed the tort of conversion.

32.  Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

7

33.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.    By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

35.    Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36.    By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

37.    Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38.    Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

39.    Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

8

40.    Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, G. M. SIGN, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, METAL RESOURCES INC., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff counsel as counsel for the class;

B.    That the Court award appropriate damages;

C.    That the Court award costs of suit; and

D.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

41.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

9

All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

43.   A class action is proper in that:

(a)   On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)   There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)   Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)   The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii)   Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

(iv)   Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(v)   Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

44.   Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and

10

claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

45.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46.    Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

47.    Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

48.    Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49.    Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

11

WHEREFORE, Plaintiff, G. M. SIGN, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, METAL RESOURCES INC., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award damages to Plaintiff and the other class members;

C.    That the Court award attorney fees and costs;

D.    That the Court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers; and

E.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

G. M. SIGN, INC., individually and as the representative of a class of similarly-situated persons

By:    _Brian J. Wanca_____

One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone:  847/368-1500
#3126474

Phillip A. Bock
BOCK & HATCH, LLC
134 N. La Salle St., Suite 1000
Chicago, IL 60602
Telephone:  312/658-5500

12

# EXHIBIT A

Page 1 of 1

# Attn. Aluminum Purchasing Dept. 5-12-05
GM SIGN

## Aluminum for sale, available for prompt shipment
## Major cost savings due to obsolete prime excess

# $1.07 lb.

5052h38 .094 x 35-5/8" x 95-5/8" 66,000 lbs.

5083h32 .300 x42"xcoil 136,000 lbs. (call for price )

---

## We Sell prime Aluminum, coil & sheet to customer
specifications at competitive prices & cost savings from large stocking inventory & for future delivery- (bare and painted, most gages).

* Quick delivery on slit coil or cut to length, processed to specifications
* Extraordinary customer service.
* If you have a delayed shipment from your supplier or unexpected inventory requirements call for quick delivery.

## We Buy Obsolete and Prime Excess
standard sizes, odd sizes, narrow,

* **Aluminum**: Coil, Plate, Sheet - All alloys, Painted Also
* **Steel** Coil : Painted and Unpainted
* **Stainless Steel**: Coil, Plate, Sheet

## Serving the nations largest- distributors & manufacturing companies

### Metal Resources Inc.
Contact: Mike Persky
Ph. (954) 424 - 6664  Fax (954) 424 -5829   E-Mail: metals@gate.net

# EXHIBIT 2

JJS:jmc                                                      #397

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

G.M. SIGN, INC., an Illinois corporation,        )
individually, and as the representative of        )
a class of similarly-situated persons,            )
                                                  )
                Plaintiff,                              )
                                                  )
v.                                                )     No: 08 CH 2401
                                                  )
METAL RESOURCES, INC.,                            )
                                                  )
                Defendants.                             )

### NOTICE OF FILING

TO:    Brian J. Wanca, Anderson & Wanca, 3701 Algonquin Road, Ste. 760, Rolling Meadows,
        IL 60008

      PLEASE TAKE NOTICE that on the **28th** day of **August**, **2008**, we have mailed to be filed with the Clerk of the Nineteenth Judicial Circuit of Lake County, Illinois, **Defendant, Metal Resources, Inc.'s Notice of Removal**, a copy of which is attached hereto.

One South Wacker Drive           PRETZEL & STOUFFER, CHARTERED
Suite 2500
Chicago, Illinois  60606
(312) 346-1973              By: _____
                                  James J. Sipchen

### PROOF OF SERVICE

      The Undersigned, a non-attorney, state that I have served a copy of this **notice with corresponding document(s)** upon the party or parties to whom it is directed **by mailing** the same in a properly addressed, stamped envelope(s), sealed, postage prepaid and depositing same in the U.S. Mail chute at One South Wacker Drive, Chicago, Illinois before 5:00 p.m. on this 28th day of August, 2008.

[X]    Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

                                _____
                                  Joan M. Connolly

**EXHIBIT**
**2**